IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| MTF APPLE INC. t/a | : | |
| FIRST CHOICE FOOD DISTRIBUTORS | : | |
| 6700 Essington Avenue, Unit D-1 | : | |
| Philadelphia, PA 19153 | : | |
| Philadelphia County | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. _____ |
| | : | |
| SEASONS MARYLAND, LLC t/a | : | |
| SEASONS OF PIKESVILLE, a/t/a | : | |
| SEASONS BALTIMORE, | : | |
| 1630 Reistertown Road | : | |
| Baltimore, MD 21208 | : | |
| | : | |
| Serve: Mayer Gold, Registered Agent | : | |
| 5917 Simmonds Avenue | : | |
| Baltimore, MD 21215 | : | |
| | : | |
| and | : | |
| | : | |
| MAYER M. GOLD | : | |
| 643 Oak Drive | : | |
| Far Rockaway, NY 11691-5412 | : | |
| | : | |
| and | : | |
| | : | |
| ZACHARY N. RICHARDS | : | |
| 6345 Red Cedar Place | : | |
| Baltimore, MD 21208 | : | |
| | : | |
| Defendants | : | |

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Plaintiff, MTF Apple Inc. t/a First Choice Food Distributors ("First Choice" or "Plaintiff") for its

complaint against Defendants, Seasons Maryland LLC t/a Seasons of Pikesville a/t/a Seasons Baltimore,

- 1 -

Mayer M. Gold, and Zachary Richards, alleges:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act (the "PACA"), 7 U.S.C. §§ 499e(b) and 499e(c)(5), and 28 U.S.C. § 1331. Personal jurisdiction exists over each Defendant as they transact business in this district and/or caused a tortious injury in this state by failing to preserve and pay over trust assets belonging to Plaintiffs.

2. Venue in this District is based on 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

3. Plaintiff, First Choice, a Pennsylvania company with its principal place of business in Philadelphia, PA, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA. A copy of the PACA license information for First Choice is attached hereto as Exhibit 1.

4. a. Defendant, Seasons Maryland LLC t/a Seasons of Pikesville a/t/a Seasons Baltimore ("Seasons") is a Maryland limited liability company that is part of a chain of kosher grocery stores and was at all times pertinent herein a dealer of wholesale and jobbing quantities of produce subject to license and the trust provisions of the PACA.

b. Defendant, Mayer M. Gold, upon information and belief, is a resident of New York and is and was an owner and managing member of Seasons who was in a position of control over the PACA trust assets belonging to Plaintiff at all relevant times hereto.

c. Defendant, Zachary N. Richards, upon information and belief, is a resident of Maryland and is and was a director and district manager of Seasons who was in a position of control over the PACA trust assets belonging to Plaintiff at all relevant times hereto.

## GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provision of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c) as well as the prompt payment provision of 7 U.S.C. § 499b(4). 1

6. Between June 20, 2018, and August 20, 2018, Plaintiff sold to Defendant Seasons wholesale quantities of produce, in interstate commerce, worth the aggregate principal amount of $90,811.06. An itemized statement of account is attached hereto as **Exhibit" 1."**

7. At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

8. Plaintiff preserved its interest in the PACA trust by issuing invoices to Defendant Seasons for each transaction that contained the statutory language required to preserve trust rights under 7 U.S.C. § 499e(c)(4). A sampling of Plaintiff's invoices, which are voluminous, is attached as **Exhibit "2."** All of Plaintiff's invoices contain the statutory notice of intent to preserve trust rights. Plaintiffs remain beneficiaries of the trust until full payment is made for the produce.

9. Defendants have failed to pay Plaintiff as required under the PACA and have refused to respond to requests for payment.

10. Defendants issued a check that was retuned for "Insufficient Funds" twice and has not been made good.

11. Defendants' failure, refusal, and inability to pay Plaintiff, including issuing a check returned to Plaintiff that was returned for "Insufficient Funds," demonstrate that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

### Count 1
(Failure to Pay Trust Funds – All Defendants)

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. Defendants' failure to make payment to Plaintiff of trust funds in the principal amount of $90,811.06 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $90,811.06 to Plaintiffs.

### Count 2
(Failure to Pay Promptly – Seasons)

14. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Seasons accepted each of the shipments of produce described in paragraph 6, above.

16. The PACA requires Seasons to tender full payment promptly to their unpaid suppliers of produce.

17. Seasons failed to pay for the produce supplied by Plaintiff within the payment terms.

18. As a result of Seasons failure to pay promptly, Plaintiff have incurred damages in the principal amount of $90,811.06, plus interest from the date each invoice became past due, costs, and attorneys' fees.

WHEREFORE, Plaintiffs requests an order enforcing the PACA's prompt payment requirements by requiring immediate payment of the principal amount of $90,811.06, plus interest, costs and attorneys' fees.

### Count 3
(Failure to Pay For Goods Sold – Seasons)

19. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20. Defendant Seasons failed and refused to pay Plaintiff the principal amount of $90,811.06 owed to Plaintiff for goods received by Defendant from Plaintiff.

WHEREFORE, Plaintiff requests judgment in the principal amount of $90,811.06 against Defendant Seasons, plus interest, costs, and attorneys' fees.

### Count 4
(Unlawful Dissipation of Trust Assets by
a Corporate Official – Mayer M. Gold)

21. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 20 above as if fully set forth herein.

22. Defendant Mayer M. Gold is an owner and managing member of Seasons who operated Seasons during the period of time in question and/or was in a position of control over the PACA trust assets belonging to Plaintiff.

23. Defendant Mayer M. Gold failed to direct the corporation to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce supplied.

24.     Defendant Mayer M. Gold's failure to direct the corporation to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official and/or a person in a position of control over PACA trust assets.

25.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Mayer M. Gold in the principal amount of $90,811.06, plus interest, costs, and attorneys' fees.

### Count 5

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Zachary N. Richards)

26.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 25 above as if fully set forth herein.

27.     Defendant Zachary N. Richards is a director and District or General Manager who operated Seasons during the period of time in question and/or was in a position of control over the PACA trust assets belonging to Plaintiff.

28.     Defendant Zachary N. Richards failed to direct the corporate defendant to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce supplied.

29.     Defendant Zachary N. Richard's failure to direct the corporate defendant to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official and/or a person in a position of control over PACA trust assets.

30.     As a result of said unlawful dissipation of trust assets, Plaintiff have been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Zachary N. Richards in the principal amount of $90,811.06, plus interest, costs, and attorneys' fees.

### Count 6
(Interest and Attorneys' Fees)

31. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32. The PACA and Plaintiff's invoices entitle Plaintiff to recover contract interest and attorneys' fees incurred to collect any balance due from Defendants.

33. As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to Defendants, Plaintiff has lost the use of said money.

34. As a result of Defendants' continued failure to make payment for the produce sold and delivered to Defendants by Plaintiff, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their statutory duties under the PACA and the invoices.

WHEREFORE, Plaintiff requests judgment against the Defendants, jointly and severally, for contract interest, costs, and attorneys' fees.

Dated this 17th day of September, 2018.

          McCARRON & DIESS

By: /s/ Mary Jean Fassett
    Mary Jean Fassett (Bar No. 08618)
    4530 Wisconsin Ave., NW, Suite 301
    Washington, D.C. 20016
    (202) 364-0400
    (202) 364-2731 fax
    mjf@mccarronlaw.com

*Counsel for Plaintiff*